By the Court:

Jones, J.
It is true that after default by the mortgagor in the performance of the condition of a chattel mortgage the title of the mortgagee to the property becomes absolute at law, subject only to the power of the Court of Chancery to permit the mortgagor to redeem. After the title has thus become absolute the mortgagee holds by virtue of the conveyance contained in the mortgage, and by no other title. When, then, that instrument is completely cancelled that source of title is gone, and he mnst rest his right to the property upon some other title.
That is the situation of the present plaintiff. He has given up his title under the mortgage by cancelling it, and has taken in substitution thereof a title under a bill of sale dated September 26,1868.
His only title is under his bill of sale, and his possession must be referred to that title.
Holding under this title, his rights in the property are subject to the two mortgages made by Burt to Abby bí. Leland.
The complaint, therefore, seeks to get rid of the effect of the cancelment of the plaintiff’s mortgage by obtaining a judgment declaring that cancelment null and void, and restoring that mortgage to its former force and vitality.
The complaint does not seek to obtain this relief either on the ground that the papers executed did not conform to and carry out the agreement between the parties in pursuance whereof they were executed, or that through a mistake in law they (or *223 either of them) supposed that plaintiffs title would still in part rest on the mortgage to him, notwithstanding the cancelment thereof. There is no intimation of either of these grounds in the complaint, and there is no evidence in support of either of them.
Even if there were a mistake in law as to the effect of the cancelment, no relief could be granted on that ground (Leavitt v. Palmer, 3 Comst., p. 19, cited from p. 39; Story’s Equity Jurisprudence, sec. 114).
The complaint, however, claims relief on one of two grounds:
Fwst.—Because there was a concealmen t by Burt of the existence of the mortgages to Abby M. Leland.
Second.—That there was a fraudulent concealment by Burt and Abby M. Leland of the existence of those mortgages.
Was there such a concealment by Burt as will entitle plaintiff to the relief he seeks ?
Story on Equity Jurisprudence lays down the doctrine that “ if a vendor should sell an estate, knowing that he had no title to it, or knowing that there were incumbrances on it of which the vendee was ignorant, the suppression of such a material fact, in respect to which the vendor must know that the very purchase implied a trust and confidence on the part of the vendee that no such defect existed, would clearly avoid the sale on the ground of fraud ” (Story on Equity Jurisprudence, sec. 208).
It is found as a fact in this case that plaintiff did not know of the existence of these mortgages; that Burt did, and that he concealed their existence from the plaintiff, and the evidence sustains the finding.
The transaction between plaintiff and Burt was in legal effect a purchase of the property on which these mortgages were liens.
The plaintiff, before that purchase, had the first lien, by foreclosing which he might, have subjected the proceeds of the property to the payment of his claim in full before the same or any part thereof could be applied to the subsequent liens. Under such circumstances it is hardly to be supposed that he would satisfy his prior lien, and take back the property in satisfaction *224 of Ms claim subject to the incumbrance of these subsequent liens. The circumstances were such as to charge Burt with knowledge that the plaintiff was acting in ignorance of these subsequent mortgages, and that the existence of these mortgages was a material fact of which the plaintiff ought to have been apprised.
Under the above doctrine, laid down by Story, plaintiff is entitled to a decree setting aside the cancelment of his mortgage, and remitting Mm to his original rights as to Burt on the ground of fraudulent concealment.
But is he so entitled as to the defendants Lelands % Unless they have bona fide obtained rights based on the cancelment of plaintiff’s mortgage, he is. William W. Leland appears to have no interest whatever in the matter. Abby M. Leland advanced her money on the faith of a subsequent mortgage. Granting the plaintiff the relief he seeks places her in no different position than she was when she loaned her money, she therefore has no cause for complaint.
Lewis Leland, as the assignee of Abby, occupies her place, and possesses no greater rights or interests unless he took the assignment relying on the cancelment of plaintiff’s mortgage.
There is no evidence that he took the assignment upon such reliance, or that he ever knew that that mortgage had been can-celled.
There is no reason why the plaintiff should be denied a decree of strict foreclosure and put to a sale, although a suit for a strict foreclosure is now uncommon, yet that remedy is not abolished. The time within which to redeem was too short. It should have been at least six months. Lewis Leland is properly charged with costs, since he has aided to create them by defending, and William M. Leland is properly charged as being a party to the fraudulent concealment which made tMs action necessary.
Judgment modified so as to give defendants three months from its affirmance within which to redeem. And as thus modified, affirmed with costs.
*225 Monell, J.
By the mortgage from Burt to the plaintiff, the legal title to the mortgaged property became vested in the latter. Upon default, such legal title became absolute, subject only to the right of redemption in the mortgagor, or his assigns.
It is conceded that after the mortgage debt became due Burt transferred the property to the plaintiff, who thereupon cancelled his mortgage of record. The two subsequent mortgages to Inland operated as conveyances of Burt’s equity of redemption, and therefore all that Burt could transfer to the plaintiff was the right to redeem, which he had previously conveyed to Mrs. leland. In other words, Burt transferred nothing to the plaintiff except, perhaps, that, upon Burt’s discharging the debt due to leland, the plaintiff would have the legal title to the property, discharged of all right of redemption.
The written transfer from Burt, therefore, did not strengthen the plaintiff’s right to the property, except that as between those parties it cancelled Burt’s equity.
It is immaterial whether the plaintiff took possession under his mortgage or under the conveyance from Burt; he was then the legal owner, and entitled to the immediate possession of the property.
His possession operated as a satisfaction of his mortgage, if the property was of sufficient value, and he could retain such possession, discharged' of all lien, except the bare equity of redemption of the subsequent mortgagee. The written cancellation of the plaintiff’s mortgage had no greater effect than must be given to his actual possession of the property, which, as before stated, operated as a payment of the mortgage (Stoddard v. Denison, in this court decided, in December, 1869).
The plaintiff, therefore, being in actual possession of the mortgaged property, and the absolute legal owner of it, which of itself was a satisfaction of his mortgage, such possession, or right to possession, could not in any manner be prejudiced, lost, or affected by the cancellation of the record, which was at most a mere act of supererogation; nor could such possession, or right of *226 possession, be disturbed by the subsequent mortgagee, except by a proceeding to redeem.
But it is claimed that the defendant, Lewis Leland, having acquired, for a valuable consideration, the subsequent mortgages by assignment, after the cancellation of the record of the plaintiff’s mortgage, and without any notice of the actual transfer from Burt of the mortgaged property, has equities which should give him a preference or priority over the plaintiff.
I cannot, however, perceive any difference between the rights or equities of Lewis Leland and those of his assignor, Abby Leland. The former took only such interest in the mortgaged property as was conveyed to the latter by Burt, which was the mere right of redemption. When the plaintiff took possession of the mortgaged property, after the forfeiture, neither Mrs. Leland nor her assignee had any remaining interest, except to redeem; and the satisfaction of the mortgage of record has no other or greater effect upon the rights of Lewis Leland than it would have had upon those of Mrs. Leland, if she had remained the owner of • the mortgages.
Besides, the filing of a mortgage, as constructive notice to creditors and subsequent purchasers and mortgagees, is necessary only where there is not an immediate delivery, followed by an actual and continued change of possession of the things mortgaged (Laws of 1833, ch. 279). Whenever, therefore, a mortgagee takes possession of the property, the filing of the record ceases to be of any consequence whatever.
The plaintiff’s possession on the 26th of September was not as a purchaser from Burt. He took the property in payment of the debt, and with it a release or conveyance of any right or interest of Burt in the property.
When Lewis Leland purchased the two subsequent mortgages, the plaintiff was in the actual possession of the property; his mortgage was paid, and neither the filing nor the satisfaction •of it entitles Lewis Leland to any priority or preference. He has only the right to redeem, by paying the amount of the plaintiff’s debt.
*227 Holding these views, I have not been able to find a reason for granting any of the relief demanded by the plaintiff, except that of a foreclosure of the defendant’s equity of redemption. He had a right to have such equity foreclosed, and that gives him a standing in court.
But the judgment in this case does not direct a sale of the property, and the application of the proceeds to the payment of the plaintiff’s debt, and of the residue, if any, to the subsequent mortgagees. But it requires such subsequent mortgagee to pay the amount found due on the plaintiff’s mortgage withvn ten days after notice of the judgment, or be forever barred and foreclosed of all equity of redemption.
This is in analogy to a strict foreclosure of a mortgage upon real property, which, since the statute (2 R. S., 191, sec. 151) authorizing a sale, has gone quite out of practice, and cannot properly be applied to a mortgage of chattels, in which, it seems, a sale is always required (Stoddard v. Dennison, supra). Besides^ the time given for redemption is not sufficient. In strict foreclosures, the usual time given was not less than six months (McKinstry v. Mervin, 3 John. Ch., 466, note).
There was no propriety in charging the defendants with the costs of the action. The plaintiff brought them into court to gain his own ends, and the most he can claim is, that his costs shall be paid out of the proceeds of sale.
I think the judgment should be modified so as to require a sale of the mortgaged property, and payment out of the proceeds of the plaintiff’s debt, together with the costs of the action, and the residue, if any, to Lewis Leland, until his mortgage is paid, and any remaining to the plaintiff.
Ho costs to either party on this appeal.